# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC ALLAN CHADBURN,<br><br>Defendant. | Case No. 24-cr-0489 EJD (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: 12/4/2024 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on December 4, 2024, held a detention or release hearing for defendant Eric Allan Chadburn. The Court concluded that Chadburn did not rebut the presumption of detention created by the charge and must be detained due to a risk of danger to the community, as explained further below.

Chadburn is charged by Indictment with distribution of child pornography (18 U.S.C. § 2252(a)(2) and (b)(1)) and possession of child pornography (18 U.S.C. § 2252(a)(4)(B) and (b)(2)). He is presumed innocent of the charges; entered a not guilty plea; and nothing in this order may be construed as evidence of his guilt. Both parties were advised of their right to appeal this decision to the presiding District Judge. Chadburn was advised of his rights and appeared at the hearing with his appointed counsel, FPD Sophia Whiting. The prosecution was reminded of its obligations to victims under the Crime

Victims Rights Act and the AUSA, Michael Pitman, stated that no crime victim wished to present any information to the Court in connection with the detention or release decision.

The parties and the Court were assisted by a pre-bail report prepared by Pretrial Services. Dkt. No. 11. Pretrial Services recommended release on a combination of conditions, including residential supervision at a halfway house and electronic location monitoring.

There is a rebuttable presumption in favor of detention in this case under 18 U.S.C. § 3142(e)(3)(E) because the Court finds that (based on the Indictment and government's proffer) there is probable cause that the accused committed an offense involving a minor under section 2252(a)(2). Based on the information presented to the Court and considering all the factors set forth in 18 U.S.C. § 3142(g), the Court determines that Chadburn has not rebutted the presumption of community danger and the prosecution has shown by more than clear and convincing evidence that there is no combination of conditions that will reasonably assure the safety of the community if Chadburn is released. (As to risk of non-appearance, the Court agreed with Pretrial Services and the defense and determined that the risk of non-appearance can be mitigated by a combination of conditions; the accused has family and employment ties in the district; a family member was present in Court and offered as custodian and/or co-signer; the defense proferred continued employment; no failures to appear; the accused was aware of the investigation for more than a year and did not flee; and no international travel reported.) The facts underlying the assessment of danger to the community are Chadburn's criminal history, with a prior federal child pornography possession conviction in this Court and a subsequent felony lewd and lascivious acts with child under age 14 conviction in state court, and mental health history with a more than 6-year term of residential mental health treatment confinement. The nature and weight of the evidence on the present charge is extremely serious, involving crimes alleged of possession and distribution of pornography showing children under age 3. Defendant is a registered sex offender and according to PTS has used two aliases/variations of his own name.

The defendant Chadburn is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: December 4, 2024

Nathanael M. Cousins
United States Magistrate Judge