CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JOHNNY E. JAMES JR. (SCBN 101260)
Special Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5081
    johnny.james@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. 5:24-cr-00489 EJD |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| ERIC ALLAN CHADBURN, | |
| Defendant. | |

## I.     Introduction

Defendant Eric Allan Chadburn is a repeat offender of federal laws prohibiting the possession of child sex abuse material ("CSAM").  Following up on a tip, the FBI searched Chadburn's residence, seized multiple digital devices, and found he possessed hundreds of images depicting CSAM.  The FBI further found Chadburn had paid for and received CSAM from an individual in the Philippines, and that Chadburn had distributed CSAM through an internet communications platform.  Chadburn's conduct is severe and to be firmly condemned.  However, Chadburn's background as a victim of abuse, his prompt admission of guilt, and outcomes for similarly situated defendants in this district are such that the mandatory minimum in this case is a sufficient, but not greater than necessary penalty.  Accordingly, the United States recommends the Court impose a total sentence of 180 months of imprisonment.

## II. Facts & Procedural History

The presentence report contains an accurate description of the background facts and the offense conduct that resulted in the indictment against Chadburn.

The United States would only add that an attorney representative for one of the identified victims who has not yet submitted a victim impact statement has contacted the government. If said victim provides a victim impact statement, it will be provided to the Court at or before the time of sentencing.

## III. Proposed Disposition & Argument

Chadburn's admitted offense conduct and attendant circumstances present both severe aggravating factors and compelling mitigating factors. That Chadburn has a prior federal conviction involving child pornography presents ample justification for a significant sentence. However, the prior criminal history is adequately reflected in the elevated mandatory minimum sentence provided by the statute. No more is necessary in this case. Accordingly, the United States recommends the Court impose a sentence equal to the statutory mandatory minimum: <u>180 months</u>.

### A. Legal Standard

"From the beginning of the Republic, federal judges were entrusted with wide sentencing discretion." *Conception v. United States*, 597 U.S. 481, 490 (2022) (quotation omitted). "Federal courts historically have exercised this broad discretion to consider all relevant information at an initial sentencing hearing, consistent with their responsibility to sentence the whole person before them." *Id.* at 491; *see also Dean v. United States*, 581 U.S. 62, 66 (2017) (citing *Pepper v. United States*, 562 U.S. 476, 487-89 (2011)) ("Sentencing courts have long enjoyed discretion in the sort of information they may consider when setting an appropriate sentence."). In setting an appropriate sentence consistent with statutory directives, the Court must "'impose a sentence sufficient, but not greater than necessary, to comply with' the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation." *Id.* at 67 (quoting 18 U.S.C. § 3553(a)).

Procedurally, "the sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual in light of the statutory sentencing factors, . . . explaining any variance from the former with reference to the latter." *Nelson v. United States*, 555 U.S. 350, 351 (2009).

**B.    Sentences Available and Guidelines - Sections 3553(a)(3), (4), & (5)**

Following the *Nelson* order of operations, we first consider the possible sentences and the sentencing guidelines. All parties agree as to the minimum and maximum potential penalties which may be imposed for the offenses to which Chadburn pled guilty.

**1.    Maximum Penalties**

As to Count One, Distribution of Child Pornography, a violation of 18 U.S.C. § 2252(a)(2) and (b)(1) as alleged in this case carries the following potential penalties:

| Count One | Minimum | Maximum | Statute |
|---|---|---|---|
| Incarceration | 15 Years | 40 Years | 18 U.S.C. § 2252(b)(1) |
| Supervised Release | 5 Years | Life | 18 U.S.C. § 3583(k) |
| Fine | $0.00 | $250,000.00 | 18 U.S.C. § 3571(b)(3) |
| Special Assessment | Mandatory $100.00 | | 18 U.S.C. § 3013(a)(2)(A) |
| JVTA Assessment | $5,000.00 | | 18 U.S.C § 3014(a) |
| AVAA Assessment | $41,347.65 ($35,000 + CPI Adj.) | | 18 U.S.C. § 2259A(a)(2) |
| Forfeiture | Mandatory | | 18 U.S.C. § 2253 |
| Restitution | Mandatory, no less than $3,000 per victim | | 18 U.S.C. § 2259 |

As to Count Two, Possession of Child Pornography, a violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) as alleged in this case carries the following potential penalties:

| Count Two | Minimum | Maximum | Statute |
|---|---|---|---|
| Incarceration | 10 Years | 20 Years | 18 U.S.C. § 2252(b)(2) |
| Supervised Release | 5 Years | Life | 18 U.S.C. § 3583(k) |
| Fine | $0.00 | $250,000.00 | 18 U.S.C. § 3571(b)(3) |
| Special Assessment | Mandatory $100.00 | | 18 U.S.C. § 3013(a)(2)(A) |
| JVTA Assessment | $5,000.00 | | 18 U.S.C § 3014(a) |
| AVAA Assessment | $20,083.15 ($17,000 + CPI Adj.) | | 18 U.S.C. § 2259A(a)(1) |
| Forfeiture | Mandatory | | 18 U.S.C. § 2253 |
| Restitution | Mandatory, no less than $3,000 per victim | | 18 U.S.C. § 2259 |

**2.    Sentencing Guidelines**

The United States and Chadburn agree that the Sentencing Guidelines offense level should be calculated under U.S.S.G. § 2G2.2, as set forth in the plea agreement, and group the multiple counts together as the same general type under these facts. ECF No. 24 at 7-8; *see also* U.S.S.G. § 3D1.2 cmt. 6 ("The 'same general type' of offense is to be construed broadly."). The United States, Chadburn, and Probation agree as to the appropriate sentencing guidelines:

| | |
|---|---|
| Base offense level:  § 2G2.2(a) | 22 |
| Specific offense characteristics: | |
| § 2G2.2(b)(2) – Material involved prepubescent minor or minor under 12 years old. | +2 |
| § 2B2.2(b)(3)(F) – Knowingly engaged in distribution | +2 |
| § 2B2.2(b)(4)(A) – Portrayal of sadistic or masochistic conduct or other depictions of violence | +4 |
| § 2B2.2(b)(5) – Pattern of activity involving the abuse or exploitation of a minor | +5 |
| § 2B2.2(b)(6) – Offense involved use of a computer | +2 |
| § 2G2.2(b)(7) – Offense involved 600 or more images | +5 |
| Adjusted offense level: | 42 |
| <u>Acceptance of responsibility:  § 3E1.1</u> | <u>-3</u> |
| **Total offense level:** | **39** |

Because the parties and Probation all agree to this offense level, the United States requests the Court adopt it as accurate and apply it accordingly.

The parties reached no agreement as to Chadburn's Criminal History Category. ECF No. 24 at 7. The United States has reviewed the presentence report analysis of Chadburn's criminal history and agrees that Chadburn's criminal history score is <u>three</u> and attendant criminal history category is <u>II</u>. ECF No. 28 at 17.

Accordingly, the United States advises the Court to apply to Chadburn an offense level of 39 and criminal history category of II. The attendant guidelines range is therefore 292 to 365 months. U.S.S.G.

§ 5A. Because Chadburn's guideline range is in Zone D of the sentencing table, the minimum term should be satisfied by a sentence of imprisonment, and not by any substitute. U.S.S.G. § 5C1.1(f).

### C.     Application of Section 3553(a) Factors

The facts of Chadburn's offense conduct are generally straightforward. Consequently, the application of the factors set forth in 18 U.S.C. § 3553(a) is similarly straightforward, if subject to a considerable range of interpretation and judicial discretion.

#### 1.     The Nature and Circumstances of the Offense - Section 3553(a)(1)

Offenses involving the sexual exploitation of minors, especially in the context of pornography, are particularly severe and, accordingly, are subject to severe penalty. Children do not characteristically have countenances inviting sexual activity, but an innocent child can be coaxed to assumed poses or expressions that bespeak sexual availability when viewed by certain adults. *See United States v. Overton*, 573 F.3d 679, 688-89 (9th Cir. 2009) (citations omitted) (stating as much in context of *Dost* factor analysis). The heart of the crime is the offense against the child—the harm to the physiological, emotional, and mental health of the child; the psychological harm; the invasion of the child's vulnerability." *Id.* "Pornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place." *New York v. Ferber*, 458 U.S. 747, 759 n.10 (1982) (citing Shouvlin, *Preventing the Sexual Exploitation of Children: A Model Act*, 17 Wake Forest L.Rev. 535, 545 (1981)).

In this case, Chadburn's offense conduct triggers some, but not all of the factors by which one might identify the most serious child sex exploitation. The CSAM possessed by Chadburn is quite heinous, and involves very young children and the presence of sado-masochistic implements. Furthermore, Chadburn paid for CSAM from at least one overseas distributor and himself distributed CSAM under an alias. As compellingly emphasized by the victim impact statements, those minors who are sexually exploited for the production of CSAM must live with the pain of their abuse for the rest of their lives.

As to mitigative facts, Chadburn distributed a relatively small volume of CSAM, and he cannot be reasonably compared to large scale distributors for whom the heaviest sentences are reserved. There

is no evidence that Chadburn himself produced any CSAM. Nor is there any evidence that Chadburn engaged in any hands-on abuse of any minors as part of the present offense conduct.

Altogether, the application of this factor serves to support the imposition of the severe mandatory minimum sentence applicable in this case, but no more.

### 2. The History and Characteristics of the Defendant - Section 3553(a)(1)

Chadburn's history and characteristics present both aggravating and mitigating factors. The United States will not restate in full Chadburn's personal history and characteristics, which are thoroughly explored in the presentence report from an interview with Chadburn and facts integrated from the PSR issued in connection with his previous conviction. ECF No. 28 at 18-20.

Chadburn's prior convictions are a particularly severe aggravating aspect of his history. Chadburn once before appeared in federal court, before the Honorable Vaughn R. Walker, and admitted to violating federal law. ECF No. 28 at 14-16. Chadburn has surreptitiously photographed others in private circumstances, attempted to obtain CSAM through a United States Customs service sting operation, and sexually abused two children on separate occasions. *Id.*

As to mitigation, Chadburn is 49 years old, such that an imposition of a very long sentence will present some possibility that he serves the remainder of his days in prison. Despite his previous convictions, Chadburn was able to obtain and maintain gainful employment before his arrest for this offense.

Chadburn's history of abuse may provide an explanation for the predilection on which he acted. *See Kennedy v. Louisiana*, 554 U.S. 407, 468-69 (2008) (Alito, J., dissenting) ("Commentators have noted correlations between childhood sexual abuse and later problems such as substance abuse, dangerous sexual behaviors or dysfunction, inability to relate to others on an interpersonal level, and psychiatric illness. . . . Victims of child rape are nearly 5 times more likely than nonvictims to be arrested for sex crimes and nearly 30 times more likely to be arrested for prostitution."). Chadburn now casts doubt on disclosures of abuse he made in 2001, but his upbringing was undeniably unstable, and he reflects a history of activity as a juvenile and thereafter—sexual and otherwise—which is inconsistent with a normal coming of age. Indeed, Chadburn reflects a history of juvenile self-mutilation and alcohol abuse. Notes and books found in the course of the search of Chadburn's residence reveal an individual

actively grappling and struggling with his predilection.  These characteristics militate against the heavier penalties available to the Court in this case.

Altogether, the application of this factor serves to support the imposition of the severe mandatory minimum sentence applicable in this case, but no more.

### 3. Punishment, Deterrence, Incapacitation, Rehabilitation - Section 3553(a)(2)

The need to punish those who sexually exploit children, deter others from doing so, protect the public from those who do so, and rehabilitate those who are willing to be rehabilitated is extremely high.

As to punishment, the dissent by Justice Alito in *Kennedy*, *supra*, presents a forceful summary of the innumerable harms which are imposed on society by child sex abuse, which need not be restated in full here.  *Id.* at 467-69.  Given the severity of the harms incurred to the victims, and thereafter to society writ large, the United States has a strong interest in seeking a severe punishment for Chadburn's conduct.

As to incapacitation and rehabilitation, statistically, "[c]ompared to non-sex offenders released from State prisons, released sex offenders were 4 times more likely to be rearrested for a sex crime." Patrick A. Langhan, et. al., U.S. Dep't of Justice, *Recidivism of Sex Offenders Released from Prison in 1994* at 1 (Nov. 2003); *but see id.* at 1-2 (also acknowledging lower rate of recidivism by released sex offenders of non-sex crimes); *United States v. Keobdeaux*, 570 U.S. 387, 395-96 (2013) (citing same, but acknowledging conflicting evidence on the point).  "Older offenders [are] substantially less likely than younger offenders to recidivate following release." U.S. Sentencing Comm'n, *The Effects of Aging on Recidivism Among Federal Offenders* at 2, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf (Dec. 2017) (last visited Mar. 17, 2025).  Indeed, federal offenders released after the age of 60 have a vanishingly low rate of recidivism.  *See Id.* at 11 (Fig. 1, demonstrating decline in arrests and particularly low figures for defendants aged 60 and older).

Here, Chadburn has demonstrated that his previous punishment was insufficient to deter him from reoffending, and that there remains a significant need to protect the public from him until such time as he might be more successfully rehabilitated, or at least until he ages to a point that the cooling effect of age on one's passions reduces the likelihood of reoffending.  As noted above, notes and books

recovered during the search of Chadburn's residence reveal an individual actively working towards rehabilitating himself, however much he has clearly failed in that effort.  As Chadburn is aged 49, the mandatory minimum sentence should be sufficient to address the public need for punishment to be imposed, and to protect the public until such time as Chadburn may be rehabilitated and grow to an age where he is less likely to reoffend.

### 4.   Comparative Data – Section 3553(a)(6)

The Court must consider sentencing disparities between similarly situated federal defendants. *United States v. Ringgold*, 571 F.3d 948, 951 (9th Cir. 2009).

The presentence report provides comparative data from the Judiciary Sentencing Information (JSIN) platform, and it appears accurate to the knowledge of the United States.  In this context, during the five fiscal years provided by the Judiciary Sentencing Information (JSIN) platform (FY2020-2024), there were 13 defendants whose primary guidelines were as above.  All 13 received a sentence of imprisonment.  The average length of imprisonment imposed was 224 months and the median sentence imposed was 220 months.

The United States would additionally note that the United States Sentencing Commission Interactive Data Analyzer provides less guidelines-specific data relating to convictions and sentences within the Northern District of California.  During the same period of five fiscal years, four defendants with a criminal history category of II were convicted and sentenced under U.S.S.G. § 2G2.2.  Among those four cases, the average length of imprisonment imposed was 90 months and the median sentence was 96 months.

The United States recommends that Chadburn receive a sentence less severe than the average and median sentences imposed for similarly situated defendants nationwide, as the mandatory minimum sentence which must be imposed already elevates the severity of the sentence which must be imposed well above the average and median sentences imposed for conduct of this nature within this district.

### 5.   Restitution - Section 3553(a)(7)

As set forth in the presentence report, numerous victims were successfully identified in the course of this investigation, and a number of victims have submitted victim impact statements and requests for restitution.  The United States has been contacted by the attorney representative of one of

the identified victims who has not yet submitted a victim impact statement or request for restitution. As such, the United States is not currently prepared to present a final restitution recommendation.

The United States and counsel for Chadburn continue to work together to determine a final restitution figure. The United States anticipates the parties will be able to stipulate to a restitution figure at the time of sentencing.

**IV.   Conclusion**

For all of the reasons forgoing, and pursuant to the plea agreement filed September 22, 205, the United States recommends the Court sentence Eric Allan Chadburn to imprisonment in the custody of the Federal Bureau of Prisons for concurrent terms of <u>180 months</u> for Counts 1 & 2 of the indictment. *See* ECF No. 24 at 12 (plea agreement promising such recommendation). The United States does not recommend the imposition of any fine, in light of Chadburn's limited financial condition and the greater need for restitution for the victims. The United States recommends the Court further sentence Chadburn to a <u>life</u> term of supervised release. Finally, the United States recommends the Court impose a total special assessment of $200.00: $100.00 for each of the counts to which Chadburn pled guilty. For the same reason as the fine, any additional assessments which may be provided for by law should be waived.

It is the recommendation of the United States that such a sentence is sufficient, but not greater than necessary, to address the requirements of 18 U.S.C. § 3553.

As to restitution, the United States will submit a figure to the Court at the time of sentencing or, barring that, soon thereafter.

DATED: September 29, 2025                             Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*Johnny E. James Jr.*
JOHNNY E. JAMES JR.
Special Assistant United States Attorney